504 P.2d 935

**STATE of Arizona, Appellee,**

v.

**James MONTGOMERY, Appellant.**

**No. 2431.**

Supreme Court of Arizona,
In Banc.

Jan. 8, 1973.

Gary K. Nelson, Atty. Gen., by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by William C. Blakley, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

Defendant, James Montgomery, was given a sentence of not less than ten years and not more than ten years and one day for robbery with a prior conviction. He appeals.

The facts indicate that defendant had the misfortune to rob a service station at Seventh Avenue and Van Buren Streets in Phoenix just as a police car with two officers was pulling into the station. As the officers drove in the station, defendant ran out and was momentarily illuminated by the car's headlights. The officers did not know that a holdup was in progress when they saw the two men in the station, or when defendant ran out. However, almost immediately, the attendant came out and yelled: "Get him. He just robbed me. He's got a gun."

Officer Stokes gave chase on foot, while Officer Barnhart summoned aid and then circled to head off the fleeing man. The robber rounded the corner and turned down an alley, so that the pursuing officer lost sight of him for a few seconds. He then searched trash cans in which the robber could be hiding and a few seconds later found him lying face down on the bed of a pickup truck parked in the alley. He ordered the man to get out and hand over his gun and give his name. The man denied having a gun and gave a false name. The officer searched him, found the gun, and by that time was joined by the other

officer. Searching the robber yielded, besides the gun, approximately $122 in one pocket and $40 in another. The $122 included one $20 bill and many quarters. The man was handcuffed and locked in the rear of the patrol car, while the gun was placed on the front seat. The officers then drove back to the service station to get the details of the robbery. As they drove up, the service station attendant ran out, looked into the patrol car, and said: "That's the man, and that is the gun." Inquiries by the officers developed the fact that approximately $119.50 was taken. The amount could not be determined to the penny. It included one twenty-dollar bill and five to ten dollars in quarters. The robber was a black, wearing a black beret on his head, and a green coat-style sweater with dark stripes. Defendant was dressed this way when apprehended. The robbery took place at three in the morning, but the station was open and brightly lighted.

The defendant offered no evidence of any kind, relying entirely on the argument that since the robber was out of sight for a fraction of a minute, he might have escaped while the officers were concentrating on the defendant. The odds against finding a black man other than the robber at that time and place, with $122 in his pocket, and wearing a black beret and green sweater-coat with dark stripes must have impressed the jury. There is ample evidence to support a verdict of guilty beyond a reasonable doubt.

Defendant's only argument on appeal is that he was denied counsel at what he terms a "showup" when he was brought back to the station and identified by the victim. Since the filing of defendant's brief, the United States Supreme Court, in Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 1881, 32 L.Ed.2d 411 (1972), has stated that the right to counsel does not attach until adversary judicial proceedings have been initiated against the accused. That disposes of any possible argument that the police should have advised him of his right to an attorney.

When a robber is captured after being out of sight of his pursuer for only a few seconds and is brought to the victim a few minutes later, it would be a very poor rule that would require the robber's lawyer to be summoned before identification could be made. It would keep an innocent citizen in custody for a much longer period, and if it turned out that the wrong man had been caught, much valuable time would have been lost during which the real culprit might have been apprehended. In addition, in this case, the officers testified that they did not take defendant back to the service station to be identified, but did so merely to get the details of the robbery.

In the instant case, the two officers testified that they saw enough of the robber when he ran through the patrol car's headlights to enable them to identify defendant as the running man.

The judgment of the Superior Court is affirmed.

Affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.