504 P.2d 1270

STATE of Arizona, Appellee,

v.

Frederick C. THOMPSON, Appellant.

No. 2314.

Supreme Court of Arizona,
In Banc.
Jan. 12, 1973.

Gary K. Nelson, Atty. Gen. by Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Corbet & Esser by Fred R. Esser, Phoenix, for appellant.

**48**

HAYS, Chief Justice.

This case is before us on an appeal to the Court of Appeals, which transferred it to us under the erroneous impression that it lacked jurisdiction. That court should have retained and decided the case. State v. Howell, 107 Ariz. 300, 486 P.2d 782 (1971). However, since the case was sent to us before that decision, and in order to avoid further delay by sending it back, we are deciding it on the merits.

The defendant, Frederick Charles Thompson, was charged with robbery, but a plea bargain was made and the information was amended to charge grand theft from the person, to which charge defendant pleaded guilty. The trial court suspended imposition of sentence and placed defendant on probation for three years. Six months later defendant was charged with robbery with a gun. At the hearing on revocation of probation, defendant admitted committing the robbery. His probation was revoked and he was sentenced to not less than five nor more than six years in prison. He appeals from the judgment of guilt and from the sentence. The sole issue which he raises is that the court at the time of taking the plea of guilty did not conform to the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, in that defendant was not informed that if he pleaded not guilty and went to trial, a lawyer would be furnished to him free of charge if he could not afford one. He contends that the requirements of *Boykin* were not meant to be exhaustive and that his right to an attorney was one of the things that had to be told to him in order to make his plea understanding and voluntary.

His argument fails, however, because the record shows that on April 7, 1970, the justice of the peace noted:

"Defendant is present and informed of the charge against him; of his right to the aid of counsel."

On the next day, defendant was represented by Attorney John Beaver, who obtained a lowering of the bond and a new hearing date. Mr. Beaver represented defendant at three hearings, including the one held to revoke the probation. On this appeal, however, defendant is represented by Corbet and Esser.

It is of course possible that the justice of peace's statement to defendant might have led defendant to think that he was entitled to a lawyer only for the preliminary hearing. However, he has been represented by counsel at every stage of these proceedings and we cannot believe that *Boykin* requires a court to tell a defendant that he is entitled to a lawyer when he is present in court with counsel already representing him.

The record also shows that present with the defendant, at the time of his making a guilty plea, was not only his lawyer, but also his father. Defendant told the judge that he had talked the problem over with both of them and admitted that he had held up a filling station. He has at no time denied his guilt. As a result of his guilty plea, he got a short probation. He certainly could not have expected less, and must have been pleasantly surprised at the leniency of the judge. The record amply supports the State's position that the guilty plea was made voluntarily and with a complete understanding of the rights that were being waived.

The judgment and sentence of the Superior Court are affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.