506 P.2d 1042

**The STATE of Arizona, Appellee,**
v.
**John Warren DARLING, Appellant.**
No. 2393.

Supreme Court of Arizona,
In Banc.
March 1, 1973.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, and Norman R. Freeman, Law Student, University of Arizona, Tucson, for appellee.

Herbert B. Finn, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment after a plea of guilty to the crime of child molesting, § 13–653 A.R.S., with a sentence of not less than five nor more than fifteen years in the Arizona State Prison.

We are asked to answer the following questions on appeal:

1. Was the sentence excessive?
2. Did the County Attorney fail to abide by the plea bargain?
3. Did the plea of guilty comply with the United States Supreme Court case of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)?

The facts necessary for a determination of this matter on appeal are as follows. The defendant, while working as a painter on the premises of Glendale High School, enticed a six year old girl into a room by giving her candy and a soft drink. The victim was physically injured and the defendant was arrested for said crime. A preliminary hearing was held at which time the defendant was represented by counsel. Defendant was held to answer and in the Superior Court the defendant entered his plea of guilty.

After being sentenced to a term of not less than five nor more than fifteen years, the defendant attempted to set aside his plea of guilty which was denied and he then filed a timely appeal to this court.

## WAS THE SENTENCE EXCESSIVE?

The defendant contends that the sentence was excessive and constituted cruel and unusual punishment because the statute provides that the minimum term shall be served before the defendant is eligible for parole which effectively denies him rehabilitation or treatment. § 13–653 A.R.S.

It is true that the defendant had never been arrested before and had suffered personal tragedy in the loss of his wife in a home fire prior to the incident in question. As to what treatment he will receive towards rehabilitation at the Arizona State Prison we do not know.

This court has consistently held, however, that if a sentence is within the statutory limits provided by the statute, it is not an abuse of the trial court's discretion. State v. Bible, 104 Ariz. 346, 452 P. 2d 700 (1969).

Further, a review of the preliminary hearing transcript and the physical injury inflicted upon the six year old child, as well as the circumstances under which it was done, leads us to believe that the sentence imposed in the instant case was appropriate.

## DID THE COUNTY ATTORNEY FAIL TO LIVE UP TO HIS PLEA BARGAIN?

Defendant next contends that even though the County Attorney complied with the case of Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), in that it fulfilled its promise "to go along with probation conditioned on psychiatric treatment," that because the prosecutor had no basis for the belief that his recommendation would be taken into consideration by the court, the promise was illusory. We do not agree. The County Attorney did exactly what he promised but no more. The prosecutor is in no position to guarantee that the court will agree with his recommendation. That the County Attorney may have had his doubts, if indeed the record in this case indicates that he did, that the court would not follow his recommendation is no reason for setting aside the plea bargain. Further, a review of the record does not indicate that the defendant was under any illusion. In fact, the court asked him:

"Q Has anyone made any promises to you what the possible sentence in this case will be?

"A No, sir.

"Q Do you understand that any recommendations by your lawyer or the County Attorney are not binding on this Court?

"A Yes, sir, I understand that."

See State v. Richard, 109 Ariz. 65, 505 P.2d 236, 25 January 1973.

## WERE THE BOYKIN REQUIREMENTS MET?

Defendant contends that the court failed to comply with the strict requirements of Boykin v. Alabama, supra, at the time he entered his plea of guilty in that the court did not inform the defendant of certain rights specifically mentioned in the case of Boykin v. Alabama, supra.

The record before this court reflects that the trial court extensively examined the defendant as to the facts of the case and as to the consequences of his plea. The record before this court convinces us that defendant's plea was intelligently and knowingly made without coercion. The record, however, does not show that the defendant was at the time of the plea notified by the court of the right to confront one's accusers and the privilege against self-incrimination, two rights, together with the right to trial by jury, which are specifically mentioned in the case of Boykin v. Alabama, supra.

Because of the number of appeals in this court raising Boykin issues, we feel it necessary to once again discuss the applicability of Boykin to the record in pleas of guilty entered after the decision in Boykin on 3 June 1969.

Boykin stated:

" * * * The requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation. In Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: 'Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'

* * * * * *

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record." Boykin v. Alabama, supra, 89 S.Ct. 1709 at 1712.

The United States Supreme Court later stated:

"The new element added in Boykin was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." Brady v. United States, 397 U.S. 742, 747, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747, 756 (Note 4) (1970).

Boykin also applied the spirit of Rule 11 of the Federal Rules of Criminal Procedure and while strict compliance by the state courts with Rule 11 may not be mandated, it will certainly satisfy the requirements of Boykin, supra, if Rule 11 is followed. State v. Williker, 107 Ariz. 611, 491 P.2d 465 (1971).

■ Neither Boykin, supra, nor Brady, supra, however, defined the term "record" and we have held that the presentence report or the reporter's transcript of the preliminary hearing was part of the record for the purpose of satisfying the requirements of Boykin. State v. Durham, 108

Ariz. 327, 498 P.2d 149 (1972); State v. Thompson, 109 Ariz. 47, 504 P.2d 1270, filed 12 January 1973; State v. Williker, supra; State v. Hooper, 107 Ariz. 327, 487 P.2d 394 (1971).

■ And courts have held that where a reporter's transcript is not available the record is not "silent", but may be reconstructed. State v. Hall, 188 Neb. 130, 195 N.W.2d 201 (1972); State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972). We have also held that where the complete record on appeal reflects a knowing, intelligent and voluntary plea without coercion but that the record is nevertheless silent as to some portion of the Boykin requirements, we will return the matter for a hearing to determine if the defendant was in fact advised or knew of a specific omitted right:

"Since the record reflects that the defendant voluntarily pled guilty to the amended information and he does not urge that he was unaware of the consequences of his plea, we would ordinarily assume that his lawyer advised him of the possible benefits to be derived from a plea of guilty to the reduced charge and, therefore, of the differences in the range of punishments. But, since the record does not affirmatively show that Hooper was advised he could receive up to ten years, we will order that this case be returned to the Superior Court of Maricopa County, with directions that an evidentiary hearing be held to determine whether defendant was advised by his counsel before pleading guilty to the amended information of the possible range of sentence." State v. Hooper, supra, 107 Ariz. 327 at 330, 487 P.2d 394 at 397. See also State v. Church, 109 Ariz. 39, 504 P.2d 940, filed January 4, 1973.

This approach is in accord with the United States Supreme Court's decision of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In that case, testimony was taken at a hearing on post-conviction relief and the Supreme Court stated at Footnote 3:

"At the state court hearing on post-conviction relief, the testimony confirmed that Alford had been fully informed by his attorney as to his rights on a plea of not guilty and as to the consequences of a plea of guilty. Since the record in this case affirmatively indicates that Alford was aware of the consequences of his plea of guilty and of the rights waived by the plea, no issues of substance under Boykin v. Alabama (citations omitted), would be presented even if that case was held applicable to the events here in question." North Carolina v. Alford, supra, 91 S.Ct. 160 at 163.

■ We hold, therefore, that in cases of pleas of guilty, if on appeal the complete record is deficient as to some of the matters required by Boykin, but otherwise reflect a voluntary, knowing, uncoerced plea and it appears that the record could be expanded to reflect the truth of what happened, the matter will be remanded to the trial court for further proceedings.

■■ In deciding as we do, we reject the assertion that an accused person cannot know anything except what the judge has told him. We take judicial notice that defendants know many things which are not told to them by the judge, and if the record will support a finding that the defendant did, in fact, know these things, we will not reverse merely because he did not hear it from the judge. Of course, the only way that the trial court may be sure that the Boykin requirements are met is for the trial court to interrogate the defendant at the time the plea of guilty is tendered. That this court may, on appeal, look further than the reporter's transcript made at the time the plea of guilty was entered to determine whether the extended record supports the fact that the defendant did know what Boykin requires that he knows, does not relieve the trial court nor the attorneys of the responsibility of seeing that there is no confusion in this regard. Neither does this relieve counsel of the responsibility of seeing to it that the Boykin requirements are met before a plea of

guilty is accepted. We agree with the Michigan Supreme Court:

"* * * [W]e shall look to counsel in all criminal cases to advise their clients to the best of their ability, and as well or better than the high standard that the State Bar will seek to impose. But further than that this Court, regarding attorneys as officers of the court, will look to them to cooperate with the courts and not only see that their clients are personally well advised by them, but that the court will be assisted to see that all of a client's rights are protected on the record. An attorney will do this not only in fulfillment of his oath and duty as an attorney, but also because any petition for review that is based on the defendant seeking a plea review on the grounds he did not enter his plea understandingly is a reflection on both the court and the defendant's counsel, and incidentally insofar as proper procedure could have avoided the necessity of review, a burden on the administration of justice, and a disservice, if not an injustice, to others who have occasion to employ or operate the machinery of justice." People v. Jaworski, 387 Mich. 21, 33, 194 N.W.2d 868, 873 (1972).

We would add also that there is an equal responsibility on the part of the attorney for the state to make sure that the court does not omit any legitimate avenue of inquiry which will assure that the record made at the time of the plea of guilty satisfies all the requirements of Boykin, supra, and that resort to the extended record will not have to be made either by the trial court or by this court on appeal.

In the instant case, the record fails to show that the defendant was advised or knew of the two rights that the trial court failed to advise him of at the time the plea of guilty was made. It is therefore the decision of this court that the matter be remanded to the trial court for a further hearing to determine if, at the time of the plea of guilty, the defendant did in fact know of the two further rights he was waiving, that is (1) the right to confront one's accusers, Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), and (2) the privilege against self-incrimination, Malloy v. Hogan, 378 U.S. 1, 84 S. Ct. 1489, 12 L.Ed.2d 653 (1964).

The trial court is further directed to make appropriate findings of fact and to advise this court of said findings.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.