**156**

506 P.2d 1050

The STATE of Arizona, Appellee,

v.

Calvin BROCK, Jr., Appellant.

No. 2182.

Supreme Court of Arizona,
In Banc.

March 1, 1973.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Warren R. Brown, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment of guilty after a guilty plea to the crime of aggravated battery, § 13–245, subsec. A, A.R.S., and a sentence thereon of from four to five years.

We are asked to answer the following questions on appeal:

1. Was the defendant mentally competent to enter a plea of guilty?

2. Was defendant's plea of guilty made voluntarily, intelligently, and knowingly?

3. Was there a factual basis for acceptance of the plea?

The facts necessary for a determination of the matter on appeal are as follows. Defendant was arrested in September of 1968. At that time it was determined that he was not able to assist in his own defense and was incapable of understanding the nature of the charges against him and was then committed to the Arizona State Hospital. In May, 1969, it was recommended that the defendant be returned to the Maricopa County Jail to await a hearing and trial, and on 3 June 1969 defendant was charged with assault with a deadly weapon.

After a preliminary hearing in June, 1969, defendant was held to answer on the charge of assault with a deadly weapon. On 18 August 1969, defendant withdrew his plea of not guilty and plead guilty to an amended complaint charging aggravated battery, § 13–245, subsec. A, A.R.S. The following transpired:

"Q Do you realize you have the right to a jury trial—

"A Yes.

"Q  —on this charge, and that you don't have to testify yourself but that you do have the right to cross examine all witnesses against you?

"A  I am acquainted with that.

"Q  You do realize by entering your plea of guilty, you are waiving this right, you are not taking advantage of the right to do this?

"A  Yes, I do.

"Q  Do you realize also the Amended Information for Aggravated Battery is what is called an open-end charge? Depending on the investigation before sentencing, in which event you might spend some time in the County Jail, or it could be considered a felony, which could carry five years in Florence. Do you realize the seriousness of the charge?

"A  Yes, I do.

"Q  You realize the penalties that might be imposed?

"A  Yes.

"Q  Has anyone, Mr. Brock, in suggesting to you that you plead guilty to this charge, indicated or offered you any leniency; indicated that you may be placed on probation; or in any manner tried to influence your decision by indicating what the outcome may be?

"A  No, I have not been influenced by any party whatever. It is my own decision, and I am aware of the circumstances.

"Q  Have you fully discussed the circumstances that led to this charge, with your attorney?

"A  Yes, Ma'am.

"Q  I am talking about the evidence that was purportedly introduced against you by the complaining witness, the reasons for filing this charge?

"A  Yes, ma'am we have been through this.

"Q  You have discussed this very thoroughly with your attorney?

"A  Yes.

"Q  And in view of the evidence produced at the preliminary hearing and your knowledge of the facts, is it still your desire to enter a plea of guilty to this?

"A  Yes, ma'am. I must admit I am guilty. I must plead guilty to it.

"Q  Mr. Lee, in view of the evidence which you have found in your investigation as well as the evidence produced by the witnesses at the preliminary hearing, do you feel, as an attorney for the defendant, that the facts are consistent with this man's entry of a plea of guilty?

"Mr. Lee: Yes, I do, that's correct.

"Q  Is there anything you would like to say to the Court regarding this Amended Charge, Mr. Brock?

"A  No. I don't think so. Like I say, I am well aware of the facts, the possibilities, from one end to the other."

After the plea of guilty had been accepted, the defendant sentenced, and the notice of appeal filed, defendant filed a petition for writ of habeas corpus in this court raising the issue of his competency to plead guilty. A Rule 250, 17 A.R.S., hearing was ordered. After the hearing, the trial court concluded that defendant was able to understand the nature of the charge against him, was able to assist in his own defense, and was mentally competent to enter a plea of guilty at the time he entered his plea of guilty. These findings and conclusions were approved by this court and defendant's petition for habeas corpus was denied.

### WAS THE DEFENDANT MENTALLY COMPETENT?

Defendant, on appeal, contends that he was not mentally competent at the time he entered his plea. Defendant raised this issue by way of writ of habeas corpus filed

in this court on 18 December 1970. This court in response ordered:

"IT IS FURTHER ORDERED that the Superior Court forthwith enter into an examination of petitioner's assertions that he was not mentally competent to enter a plea of guilty to the charges, and upon a determination of that question the Superior Court is directed to make findings of fact and conclusions of law and transmit the same to the Clerk of this Court together with copies of the record, including the reporter's transcript of any hearings."

Mental health experts including at least one psychiatrist who had previously examined defendant were appointed and in addition to their reports in the file, testified at a hearing held 17 September 1971. After complete findings of fact the trial court found that:

"On August 18, 1969, defendant, Calvin Brock, was able to understand the nature of the charge against him, was able to assist in his "own defense and was mentally competent to enter a plea of guilty."

Objections to the findings of fact were filed in this court and this court overruled the objections and approved the findings of fact. This matter has therefore been disposed of by this court adverse to the defendant's position on an appeal and we need not consider it further.

## WAS THE PLEA VOLUNTARY?

 We have reviewed the record and believe the defendant was adequately advised as to his rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969), and that the plea was voluntary, intelligent, and knowledgeable. State v. Darling, 109 Ariz. 148, 506 P.2d 1042, filed this day.

## WAS THERE A FACTUAL BASIS FOR THE PLEA?

Defendant also contends that there was not a factual basis for the plea. We disagree. The trial court, in addition to the questions asked of the defendant, also had before it the reporter's transcript of the preliminary hearing, and there was adequate factual basis for the plea. State v. Darling, supra. Neither was it necessary to advise the defendant of the legal elements of the crime as contended by defendant. State v. Montgomery, 109 Ariz. 34, 504 P.2d 935, filed 8 January 1973.

We have reviewed the entire record as required by § 13–1715 A.R.S., State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964), and Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We find no fundamental error.

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD, and HOLOHAN, JJ., concur.