506 P.2d 1057

**The STATE of Arizona, Appellee,**

**v.**

**John FLORES, Jr., and Frank Flores, Appellants.**

**No. 2456.**

Supreme Court of Arizona, In Banc.

March 1, 1973.

Gary K. Nelson, Atty. Gen., by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

W. Clifford Girard, Jr., Phoenix, for appellants.

CAMERON, Vice Chief Justice.

This is an appeal from judgments entered on defendants' pleas of guilty to the crime of assault with a deadly weapon, § 13–249, subsec. A A.R.S. and sentences of eight to ten years as to John Flores, Jr. and six to ten years as to Frank Roberto Flores.

We are asked to answer the following questions on appeal:

1. Were the guilty pleas knowingly and voluntarily given according to the mandate of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)?

2. Was there an adequate factual basis for the pleas according to Boykin v. Alabama, supra?

The facts necessary for a determination of this appeal are as follows. After a preliminary hearing, defendants were held to answer to charges of robbery and assault with intent to commit murder. On 20 August 1971, defendant withdrew their previously entered pleas of not guilty and entered guilty pleas to the amended information for assault with a deadly weapon. This was done pursuant to a plea bargain and the two original charges were dismissed.

At the hearing on the pleas of guilty, the court first examined defendant John Flores. The court fully advised the defendant that a plea of guilty was a waiver of the right to a jury trial, the right to testify or remain silent, the right to be represented by counsel at trial. The court then explained the possible range of sentence and the possibility of a sentence consecutive with another sentence. The court then explained the plea bargain to defendant, and ascertained that no other promises had been made nor threats or duress involved. The court then asked:

"THE COURT: Do·you understand, Mr. Flores, that by pleading guilty to this amended information which charges you with assault with a deadly weapon you are admitting that on or about July 3rd of 1970, you assaulted a man named Rubin Thomas Fuqua, Jr. with a deadly weapon. Do you understand that's the charges here?

"[DEFENDANT]: Yes, sir.

"THE COURT: Is that charge true?

"[DEFENDANT]: Yes, sir."

The court then examined the second defendant, Frank Flores. The court made an examination of Frank Flores identical to that of John Flores. The same explanation of the rights waived by a guilty plea was made. The court assured itself that outside the plea agreement there had been no threats, promises, or duress. The court then asked:

"THE COURT: You understand, Mr. Flores, that if you plead guilty today you are admitting that on or about July 3rd, 1970, you assaulted a man named Rubin Thomas Fuqua, Jr. with a deadly weapon. Do you understand that's the charge against you?

"[DEFENDANT]: Yes, sir.

"THE COURT: Do you want to plead guilty to that charge?

"[DEFENDANT]: Yes, sir.

"THE COURT: Is the charge true?

"[DEFENDANT]: Yes, sir."

A reporter's transcript of the preliminary hearing proceedings was filed with the court on 15 September 1971. Sentencing was held in the afternoon of 15 September 1971. Notice of appeal was timely filed.

## WERE THE GUILTY PLEAS VOLUNTARY?

We have examined the record and hold the requirements of Boykin, supra, have been met as to each of the defendants John Flores, Jr. and Frank R. Flores. State v. Darling, 109 Ariz. 148, 506 P.2d 1042, filed this day.

## THE FACTUAL BASIS FOR THE PLEAS

We have reviewed the record and hold there was an adequate factual basis for the pleas of guilty as to each of the defendants John Flores, Jr. and Frank R. Flores. State v. Darling, supra.

We have reviewed the entire record as required by § 13–1715 A.R.S., State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964), and Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We find no fundamental error as to each of the defendants John Flores, Jr. and Frank R. Flores.

Judgment and sentence as to John Flores, Jr., affirmed.

Judgment and sentence as to Frank R. Flores, affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.