507 P.2d 697

**STATE of Arizona, Appellee,**

v.

**Aldo A. MANCINI, Jr., Appellant.**

**No. 1 CA–CR 543.**

Court of Appeals of Arizona, Division 1, Department B.

March 22, 1973.

Gary K. Nelson, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

---

1. Appellant does not contend that the amount due the United States was never submitted to the arbitrators.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

PER CURIAM:

This is an appeal from two separate judgments of conviction and sentences imposed on appellant following his pleas of guilty to two counts of an indictment, one charging possession of marijuana for sale and one charging possession of a narcotic drug (heroin) for sale.

Appellant, an indigent, was represented at all proceedings in the trial court commencing with his arraignment, and is represented on this appeal, by the Maricopa County Public Defender. Said counsel has advised this Court by motion to withdraw that after a diligent search of the entire record in this case, he has been unable to discover any reversible error upon which an appeal could be based. He has filed a brief raising one issue which he considers arguable, and has furnished appellant with a copy of his brief and motion to withdraw, in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493 (1967). After the filing of counsel's brief, this Court entered an order granting appellant an additional 30 days in which to file his own supplemental brief raising any additional points he might choose to bring to this Court's attention. This additional 30-day period has now expired and no supplemental brief has been filed by appellant.

This Court has read and considered the brief filed by appointed counsel and has examined the entire record of the proceedings, and has determined that there was no fundamental error and that this appeal is wholly frivolous.

The only "arguable" issue raised by appellant's counsel is the contention that appellant's guilty pleas were invalid because the record does not reflect that appellant was advised by the trial court that by pleading guilty he was waiving his right to counsel at state expense. At the time of entering his pleas and at all subsequent proceedings appellant was represented by appointed counsel. We cannot conceive of any legitimate purpose for requiring that a defendant be advised that by a plea of guilty he is theoretically waiving a right which at that very moment is being afforded to him. It is the established law of this state that a court need not advise a defendant of his right to an attorney when he is already represented by one. State v. Thompson, 109 Ariz. 47, 504 P.2d 1270 (1973). This contention is not arguable, but frivolous.

The judgments and sentences appealed from are affirmed.