543 P.2d 471
**STATE of Arizona, Appellee,**

v.

**Manuel MUNOZ, Appellant.**

**No. 1 CA–CR 1158.**

Court of Appeals of Arizona,
Division 1,
Department B.
Dec. 11, 1975.

351

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Robert L. Storrs, Phoenix, for appellant.

OPINION

HAIRE, Chief Judge, Division 1.

The appellant was indicted for the crime of sale of narcotic drugs: heroin. He pled guilty to the charge on January 7, 1975 and was sentenced to the Arizona State Prison for a term of five to ten years on February 7, 1975. He appeals from the judgment and sentence imposed.

On appeal, the appellant argues that the trial court did not:

1. Make a sufficient inquiry concerning the factual basis for the plea;

2. Inform him of his right to counsel;

3. Inform him of his privilege against self-incrimination;

4. Inform him of his right to plead not guilty.

While the appellant claims that error was committed because the trial court failed to advise him of his right to counsel, we note that appellant was represented by counsel at all proceedings, and, therefore, there was no need to advise him. In this connection we note that the principle previously enunciated in *State v. Mancini*, 19 Ariz.App. 358, 507 P.2d 697 (1973) and *State v. Thompson*, 109 Ariz. 47, 504 P.2d 1270 (1973) has been expressly incorporated into the language of Rule 17.2c of the 1973 Rules of Criminal Procedure, as follows:

"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

\* \* \* \* \* \*

"c. The constitutional rights which he foregoes by pleading guilty or no contest, including his right to counsel *if he is not represented by counsel*; . . .." (Emphasis added).

Concerning appellant's contention that the trial court did not make a sufficient inquiry concerning the factual basis for the plea, our review of the entire record supports the trial court's express finding that a factual basis for the plea did exist. *State v. Davis*, 112 Ariz. 140, 539 P.2d 897 (1975); *State v. Rodriguez*, 112 Ariz. 193, 540 P.2d 665 (1975); *State v. Darling*, 109 Ariz. 148, 506 P.2d 1042 (1973).

■ Rule 17.2d requires the trial court to advise the defendant of "His right to plead not guilty". In *State v. Crews*, Ariz.App., 541 P.2d 961 (filed November 4, 1975), we stated:

> "Appellant also claims error in the trial court's failure to inform him of the right to plead not guilty. We cannot help but observe that the right against self-incrimination (a right the defendant was advised he was waiving) encompasses the right not to convict oneself by an admission of guilt.

> "In the instant case, the defendant was represented at all times by counsel, and initially entered a plea of 'not guilty', and had changed his plea to 'guilty' as part of a plea bargain with the prosecutor. Furthermore, we note that appellant has made no claim that he was unaware of this right or that he was somehow prejudiced by the trial court's failure to so inform him. A review of the entire record convinces us that the appellant was both informed and aware of his right to plead not guilty."

We find the same reasoning applicable here. Although, as discussed subsequently in this opinion, there was no express waiver by defendant of his privilege against self-incrimination, he had initially entered a plea of not guilty, thereby conclusively demonstrating that he had knowledge of that right. At the change of plea proceedings, the trial judge questioned defendant as follows:

> "It's my understanding you wish to change your plea from not guilty to guilty to that, is that correct?

> "DEFENDANT MUNOZ: Yes, sir."

And later:

> "THE COURT: Do you want to discuss this with your attorney another little bit or do you want to change your mind and not plead guilty or do you want to go ahead and plead guilty?

> "DEFENDANT MUNOZ: I have made up my mind, I am going to plead guilty."

There can be no doubt that defendant was fully cognizant of his right to plead not guilty.

■ The appellant has also argued that the trial court failed to inform him of his privilege against self-incrimination. Rule 17.2, Arizona Rules of Criminal Procedure. A review of the record supports the appellant's contention. It is therefore necessary to remand this matter to the trial court for a determination as to whether the defendant was, in fact, aware of this right. *State v. Darling, supra.* The court, in *Darling,* in remanding a case for similar errors, noted:

> "In deciding as we do, we reject the assertion that an accused person cannot know anything except what the judge has told him. We take judicial notice that defendants know many things which are not told to them by the judge, and if the record will support a finding that the defendant did, in fact, know these things, we will not reverse merely because he did not hear it from the judge." 109 Ariz. at 152, 506 P.2d at 1046.

As we have stated, this matter must be remanded to the trial court for further hearing to determine if, at the time the guilty plea was entered, the defendant in fact knew of his privilege against self-incrimination. If the trial court, after hearing, finds that the defendant was not aware of the waiver of his privilege against self-incrimination, the defendant shall be allowed to withdraw his guilty plea and proceed to trial. If the trial court finds that the defendant was aware of said right the trial court will make the appropriate findings and forward a copy thereof to the Clerk of this Court.

JACOBSON, P. J., and EUBANK, J., concur.