NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

MATTHEW SCOTT LAYMAN, *Appellant*.

No. 1 CA-CR 13-0427

FILED 07-15-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2011-158596-002
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kathryn L. Petroff
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia K. Norris joined.

---

**J O H N S E N**, Judge:

**¶1** A jury convicted Matthew Scott Layman of second-degree burglary, a Class 3 felony. At sentencing, Layman stipulated to having one historical prior felony conviction, which subjected him to an enhanced sentencing range. The superior court then sentenced him to a term of five years' imprisonment and awarded 210 days of presentence incarceration credit.

**¶2** We have jurisdiction over Layman's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes sections 12-120.21(A)(1) (2014), 13-4031 (2014) and -4033(A)(1) (2014).[1]

**DISCUSSION**

**¶3** Layman argues his stipulation to an historical prior felony conviction was not made knowingly and voluntarily because the superior court failed to inform him that he was giving up his right to be represented by counsel at any hearing related to the prior conviction. Because Layman failed to object at trial, we review only for fundamental error. *See State v. Morales*, 215 Ariz. 59, 61, ¶ 10, 157 P.3d 479, 481 (2007).

**¶4** Arizona Rule of Criminal Procedure 17.6 provides that before the court accepts a defendant's admission of a prior conviction, it must engage in a colloquy with the defendant pursuant to Rule 17.2. *See State v. Geeslin*, 221 Ariz. 574, 578, ¶ 13, 212 P.3d 912, 916 (App. 2009), *vacated in part on other grounds,* 223 Ariz. 553, 554, ¶ 1, 225 P.3d 1129, 1130 (2010); *see also Morales*, 215 Ariz. at 60, ¶ 1, 157 P.3d at 480. As part of the

---

[1] Absent material revision after the date of an alleged offense, we cite a statute's current version.

Rule 17.2 colloquy, the court must ensure, on the record, that the defendant understands "the constitutional rights which [he or she] foregoes by [admitting the prior conviction], including his or her right to counsel *if he or she is not represented by counsel*." Ariz. R. Crim. P. 17.2(c) (emphasis added).

**¶5**　　　　It is undisputed that Layman was represented by counsel at the sentencing hearing, and as Rule 17.2(c) reflects, "[i]t is the established law of this state that a court need not advise a defendant of his right to an attorney when he is already represented by one." *State v. Mancini*, 19 Ariz. App. 358, 359, 507 P.2d 697, 698 (1973); *see also State v. Munoz*, 25 Ariz. App. 350, 351, 543 P.2d 471, 472 (App. 1975) (noting the holding of *Mancini* was expressly incorporated into Rule 17.2(c)). Although Layman argues the record does not demonstrate he "affirmatively understood that he would continue to be provided with an attorney at a subsequent 'trial' on his prior," he does not argue he was ignorant of his right to counsel, nor does he point to anything in the record that causes us to question whether he understood his right to counsel.

## CONCLUSION

**¶6**　　　　We affirm Layman's conviction and sentence.[2]



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh

---

[2]　　　　After reviewing the State's answering brief, defense counsel moved to withdraw the opening brief to allow Layman to file a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). We deny this motion.