470 P.2d 454

**STATE of Arizona, Appellee,**

v.

**Joseph A. REYNOLDS, Appellant.**

**No. 2077.**

Supreme Court of Arizona,
In Banc.
June 8, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Giles & Moore, by Michael M. Moore, Tucson, for appellant.

McFARLAND, Justice.

On June 16, 1967, the appellant Joseph A. Reynolds—hereinafter called defendant—was convicted of the crimes of robbery, § 13–641, A.R.S., and unlawful wearing of a mask, § 13–981, A.R.S. He was sentenced to not less than six nor more than eight years on the first charge, and not less than one nor more than three years on the second charge. Defendant appealed to this Court, and, on March 3, 1968, we reversed the judgment and remanded the matter for a new trial. State v. Reynolds, 104 Ariz. 149, 449 P.2d 614. The new trial was scheduled for May 8, 1969. Shortly after the proceedings to select a jury had commenced, the defendant, through his counsel, indicated that there would be a change of plea from not guilty to guilty to an amended charge of grand theft, § 13–661, A.R.S., and to the charge relating to the unlawful mask.

Subsequently, defendant received a sentence on his pleas identical with that imposed at the first trial and received credit for time served.

On this appeal his attorney has filed an "Anders brief" in conformity with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, in which he states that he has examined the record on appeal and can find nothing on which he feels a successful appeal can be predicated. However, he raises five "arguable" questions; was defendant's plea voluntary and intelligent; was the court required to make an affirmative finding to this effect, and, if so, did it; and did the defendant waive his right against self-incrimination and his right to confront his accusers? Actually, these questions can be reduced to one—was there a valid plea of guilty?

By its very nature a plea of guilty is a waiver of several constitutional rights, including the right against self-incrimination, and the right to confront accusers. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. Therefore, if the plea is valid, the waivers inherent therein are also valid.

For a plea to be valid the record must show that it was voluntarily and intelligently made with an understanding of the nature of the charges and the consequences of the plea. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; McCarthy v. United States, supra; State v. Davis, 105 Ariz. 498, 467 P.2d 743; State v. Carpenter, 105 Ariz. 504, 467 P.2d 749. In State v. Jennings, 104 Ariz. 3, 448 P.2d 59, we said that when a plea is changed from

"not guilty" to "guilty" the trial judge must be careful to safeguard the rights of the defendant.

■ The record in the instant case is clear that the trial judge carefully followed the proper procedures to insure that the plea was voluntary and that defendant knew the nature of the charges and the consequences of his plea. The judge made the following inquiries of defendant:

"THE COURT: All right. Now, you realize that if you plead guilty to the amended Information, that you will be waiving your right to a jury; there will be no jury trial?

"MR. REYNOLDS: Yes, sir.

"THE COURT: You understand?

"MR. REYNOLDS: Yes, sir.

"THE COURT: And that we will simply proceed to the sentencing at a later date, you understand?

"MR. REYNOLDS: Yes, sir.

"THE COURT: Is it your desire to waive the jury?

"MR. REYNOLDS: Yes, sir.

"THE COURT: Now, are you pleading guilty to these particular charges for any other reason other than the fact that they are true?

"MR. REYNOLDS: No, sir.

"THE COURT: Has anybody promised you anything, Mr. Reynolds, as far as what the Court would do if you were to plead guilty?

"MR. REYNOLDS: No, sir.

"THE COURT: Has anybody said or told you or hinted to you that if you plead guilty to these, that the Court would merely sentence you to the time that you have already done in jail?

"MR. REYNOLDS: No.

"THE COURT: Do you know that on Count 1 that the penalty is not less than one nor more than ten years in the Arizona State Prison, you realize that?

"MR. REYNOLDS: Yes, sir.

"THE COURT: Do you realize that the Court could send you to jail for that length of time, up to ten years?

"MR. REYNOLDS: Yes, sir.

"THE COURT: Has anybody told you that the Court would not do that?

MR. REYNOLDS: No, sir.

"THE COURT: Count 2 is, the penalty is one to five years. Do you realize that?

"MR. REYNOLDS: Yes, sir.

"THE COURT: Has anybody told you that the Court would not send you to jail for as much as five years on that count?

"MR. REYNOLDS: No, sir, not that I recall.

"THE COURT: Has anybody told you that the Court would, or promised you that the Court would make these sentences concurrent?

"MR. REYNOLDS: No, sir.

"THE COURT: Do you realize that I could impose one sentence one right after the other?

"MR. REYNOLDS: Yes.

"THE COURT: Make one start right after the other?

"MR. REYNOLDS: Yes, sir.

"THE COURT: And that it, conceivably under both charges, it could be a total of fifteen years, that would be the maximum?

"MR. REYNOLDS: Yes, sir.

"THE COURT: Has anybody coerced you in any way or made any threats toward you in order to do this, to plead guilty?

"MR. REYNOLDS: No, sir.

"THE COURT: You have discussed this with Mr. Soble, have you not?

"MR. REYNOLDS: Yes, sir.

"THE COURT: Are you satisfied with the services of Mr. Soble up to this time?

"MR. REYNOLDS: Yes, sir.

"THE COURT: You have no complaint about him?

"MR. REYNOLDS: No.

**50**

\* \* \* \* \* \*

"THE COURT: All right. I think I have asked all the questions I could think of.

"What I'm attempting to do, Mr. Reynolds, is to be sure that you and I understand what you are doing.

"Is there any other thing that you would like to say to me about, at this time, about your change of plea that perhaps I haven't covered in my questions that you may have at this point?

"MR. REYNOLDS: No, sir.

"THE Court: All right, the Court then believes that the plea is voluntary and accepts the plea of guilty to both Count 1 and Count 2 of the Information as amended \* \* \*."

The court was not required to go further, as defendant implies, and make an explicit finding of fact. The record speaks for itself. The trial court satisfied itself, by personally interrogating the defendant, that the defendant's constitutional rights were adequately safeguarded. There is no set format for the trial court to follow.

"The nature of the inquiry required by Rule 11 must necessarily vary from case to case, and therefore we do not establish any general guidelines other than those expressed in the Rule itself. \* \* \* In all such inquiries, '[m]atters of reality, and not mere ritual, should be controlling.' Kennedy v. United States, 397 F.2d 16, 17 (C.R. 6th Cir. 1968)" McCarthy v. United States, supra, footnote 20

We find no merit in the "arguable" matters raised on this appeal. In accordance with Anders v. California, supra, we have made our own careful study of the record, and we fail to find any fundamental error in the proceedings.

Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and HAYS, JJ., concur.