504 P.2d 48

**STATE of Arizona, Appellee,**
v.
**Gary Paul FOSTER, Appellant.**

**No. 2380.**

Supreme Court of Arizona,
In Banc.

Dec. 12, 1972.

Gary K. Nelson, Atty. Gen., by Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

Anthony J. Raineri, Scottsdale, for appellant.

HAYS, Chief Justice.

Defendant, Gary Paul Foster, was charged with possession of marijuana and possession of marijuana for sale on June 9, 1970. He entered a plea of not guilty to both counts on July 6, 1970. On May 5, 1971, in response to an apparent plea bargain, defendant pleaded guilty to count two, possession of marijuana for sale, and count one was dismissed. On May 18, 1971, he was sentenced to from five to ten years.

The factual context in which the case arose follows: On May 7, 1970, Foster and a friend were arrested in a pickup truck in Phoenix. A search of the truck revealed some 66 kilos of marijuana and a number of pills believed to be dangerous drugs. A search warrant for Foster's residence was obtained and some loose marijuana plus nineteen additional kilos were seized.

Foster raises two questions on appeal. First, did his plea satisfy the requirement of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), that a guilty plea be knowingly and intelligently made. Second, did the trial judge fulfill the requirement that before accepting a guilty plea he must be satisfied that a factual basis for the plea exists.

In response to defendant's first contention, a review of the record clearly demonstrates that the plea was voluntarily and intelligently made. At the hearing at which Foster changed his plea, the judge read count two to the defendant and the defendant confirmed that he had discussed the guilty plea with his lawyer. In response to a series of questions by the judge, the defendant stated that he was thirty years old, that he had a high school education, that he understood the nature of the proceedings against him, that he understood right from wrong, and that he understood that by pleading guilty he waived any right to trial by jury. After informing the defendant of the possible range of the sentence and telling the defendant that no recommendations were binding on the court, the defendant stated: "I understand, sir, that it's up to your discretion what sentence I get. My lawyer promised me nothing; neither did the county attorney." After responding to defendant's question concerning the sentencing date, the court found "that the defendant's plea of guilty is being made voluntarily and intelligently with the understanding of the consequences, and that no promises of immunity or threats of any kind have been made to persuade him to make this change of plea." The trial judge was not obligated to question any further. As this court said in State v. Reynolds, 106 Ariz. 47, 470 P.2d 454 (1970):

"The record speaks for itself. The trial court satisfied itself, by personally interrogating the defendant, that the defendant's constitutional rights were adequately safeguarded. There is no set format for the trial court to follow." 106 Ariz. at 50, 470 P.2d at 457.

Next, Foster urges us to find error in the trial court's alleged failure to satisfy itself that a factual basis for the plea existed. We have held that the judge is not limited to the defendant's statement at the plea hearing in ascertaining whether a factual basis for the plea exists. This may be done at any time up to sentencing and the assurance that a factual basis exists may be obtained from sources other than the defendant. State v. Durham, 108 Ariz. 327, 498 P.2d 149 (1972). At the sentencing hearing itself, Foster admitted having "17 kilos or so." In addition, the reporter's transcript of the May 25–26 preliminary hearing contains the testimony of three officers who relate their participation in the surveillance and search of Foster's house and in the testing of the substances found. The sentencing judge himself presided over the May 3, 1971, hearing on the motion to suppress, at which hearing further testimony was given regarding the surveillance, the search and the seizure of the marijuana. If the record indicates that the trial court was sufficiently informed of the factual basis for the plea, an explicit finding of fact need not be made.

For the foregoing reasons, we affirm the judgment and the sentence of the trial court.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD, and HOLOHAN, JJ., concur.