523 P.2d 789

**The STATE of Arizona, Appellee,**

**v.**

**Edward Lee DIXON, Appellant.**

**No. 2915.**

Supreme Court of Arizona,
In Banc.

June 26, 1974.

Gary K. Nelson, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Charles J. Babbitt, Asst. Public Defender, Tucson, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment of guilty as a result of a plea bargain to the unlawful offer to sell marijuana, § 36–1002.07 A.R.S., and a sentence thereon of not less than seven nor more than ten years to run concurrently with a sentence imposed in another matter.

We must answer only one question on appeal and that is whether the court erred in not allowing the defendant to withdraw his previously entered and accepted guilty plea.

The facts necessary for a determination of this matter on appeal are as follows.

Defendant entered into negotiation with an undercover narcotics agent to sell some 200 pounds of marijuana at $65.00 a pound. The agent had $13,000 for the purchase which he showed to the defendant. The defendant then went to get the marijuana. The agent was alerted that the defendant planned to "rip off" the agent, that is, take his money without providing the marijuana. The defendant returned with the marijuana in the trunk of an automobile at which time the agent attempted to place the defendant under arrest. The defendant ran and the officer, after being shot at by a person alleged to be the defendant's brother, was able to stop the defendant by shooting him in the leg.

Defendant was charged by indictment in four counts: Count I, unlawful furnishing of marijuana, § 36–1002.07 A.R.S.; Count II, unlawful offer to sell marijuana, § 36–1002.07 A.R.S.; Count III, unlawful possession of marijuana for sale, § 36–1002.06 A.R.S.; and Count IV, obstructing justice, § 13–541(A) A.R.S.

After denial of motions to suppress and motions attacking the sufficiency of the marijuana laws, the defendant, at the time for trial, indicated a willingness to enter a plea of guilty to the crime of unlawful offer to sell marijuana, in return for which the other counts would be dismissed. At that time the following transpired:

"THE COURT: Mr. Dixon, come up, please. The lawyers just talked to me in Chambers. It's my understanding you and your attorney have been negotiating with the County Attorney's office, and that you have decided to enter a plea of guilty to Count Two of the indictment. Although you don't admit that you actually committed the act, do you want to go ahead and enter a plea of guilty because you're acquainted with the evidence that the state would produce against you, and you feel there is a strong likelihood the jury would convict you, but you do not admit you committed the offense? If you enter that type of plea to Count Two, then the state would dismiss Counts Three and Four. Is that your understanding?

"MR. DIXON: Yes.

"THE COURT: And you want to go ahead with that agreement?

"MR. DIXON: Yes."

After discussing the possible sentence as well as the mandatory term that must be served, the judge questioned the defendant extensively concerning the voluntariness of the plea. The court then informed the defendant further of his rights:

"Q I'm sure that Mr. Gamble has explained to you you have the right to a jury trial on all these charges. In fact, the jury is out there in the hallway right now. If you have a jury trial, then, as to each count, the state would be required to prove your guilt beyond a reasonable doubt before you could be convicted of that particular count. That's proving your guilt beyond a reasonable doubt to each of the jurors. You would also have the right to have your attorney with you throughout the trial, and if you couldn't afford an attorney, a court-appointed attorney would be with you throughout the trial. You also have the right to face your accusers, that means the persons that charge with these crimes would have to come in and testify as witnesses. The state would call them in and your lawyer would have a chance to cross examine those witnesses.

You also have a privilege against self-incrimination, which means that you're not required to give evidence which might tend to show your guilt. You can testify at the trial, if you wanted to, but you're not required to. Your lawyer can call witnesses to testify on your behalf.

Now, if I accept your plea of guilty, then you waive all these rights and the only thing left to do then is to determine the sentence and pass sentence. You understand that?

"A Yes, sir.

"Q Understanding that, you want to go ahead and waive these rights and enter the plea of guilty?

"A Yes."

The court then questioned the defendant's attorney as to whether the defendant understood what he was doing:

"THE COURT: Do you think he understands the consequences of the plea of guilty?

"MR. GAMBLE: I'm certain he does.

"THE COURT: Do you think that he freely and voluntarily enters the plea of guilty?

"MR. GAMBLE: Yes, Your Honor, I'm certain he does.

\*     \*     \*     \*     \*     \*

"THE COURT: You think there is a likelihood of the conviction of Mr. Dixon on the charges, for him to be convicted on the state's evidence?

"MR. GAMBLE: Yes, Your Honor, certainly based on the state's evidence there would be such a conviction.

"THE COURT: All right. The record may show from the Grand Jury transcript the Court finds that there is— and from statements of the defendant —that there is a factual basis for the entry of the plea of guilty. \*  \*  \*."

After the presentence report was obtained, the defendant, prior to sentencing, indicated a desire to withdraw his plea. The court stated:

"THE COURT: Well, you will recall, and I'm sure you'll agree, at the time the plea was entered we went fully over the matter with Mr. Dixon. I'm sure that you went over it fully with him, and I questioned the defendant extensively. At that time he seemed to understand the consequences of his plea, and seemed to enter the plea freely and voluntarily and knowingly. And it's my understanding that in the case which he has been previously sentenced on, that there was a similar occurrence, that he entered a plea of guilty and then moved to withdraw it before—

"MR. GAMBLE: Yes, Your Honor, that did occur.

"THE COURT: And Judge Marks allowed the withdrawal of the plea and then later we re-entered the plea in another Division. I think the defendant was fully informed and understood exactly what he was doing at the time, and I see no basis for withdrawing the plea.

So, show the motion for leave to withdraw is denied."

A reading of the transcript of the plea of guilty indicates that it was knowingly, intelligently, and voluntarily made. A reading of the transcript of the plea together with the transcript of the proceedings before the grand jury indicates a factual basis for the plea. State v. Darling, 109 Ariz. 148, 506 P.2d 1042 (1973) and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Even though a defendant does not admit that he committed the crime, as long as the trial court is careful to ascertain that there is a factual basis for the plea, a plea of guilty may be properly accepted by the trial court:

"\*  \*  \* while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

\*     \*     \*     \*     \*     \*

"\*  \*  \* In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it. (footnote omitted)" North Carolina v. Alford, 400 U.S.

25, 37–38, 91 S.Ct. 160, 167–168, 27 L. Ed.2d 162, 171–172 (1970).

We hold that the plea of guilty was properly accepted by the court. We further hold that the court did not err in refusing to allow the defendant to withdraw his plea.

At the time the defendant entered his plea, Rule 188 of the Rules of Criminal Procedure 1956, was in force and read as follows:

"The court may in its discretion at any time before sentence permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside such judgment, and allow a plea of not guilty or, with the consent of the county attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty."

In discussing Rule 188, the 9th Circuit Court of Appeals stated:

"This rule has been interpreted on many occasions by the Arizona Supreme Court. Under Arizona law, there is no absolute right to withdraw a plea of guilty before sentencing. Rather, the motion to withdraw a plea is addressed to the sound discretion of the trial court, and in the absence of clear abuse of that discretion the court's ruling will not be disturbed on appeal. Even though the trial court's discretion should be liberally exercised in favor of permitting withdrawal, there must be some showing that justice will be thereby served. (citations omitted) It is not sufficient to merely show that a defendant has changed his mind where he was advised by counsel, understood the proceedings, was not improperly coerced, and where there was no mistake or misapprehension concerning possible consequences of the plea. (citation omitted) * * *" Eyman v. Alford, 448 F.2d 306, 316 (1969).

We have reviewed the record and we find no abuse of discretion in the denial by the trial court of defendant's motion to withdraw his previous plea of guilty.

Judgment affirmed.

·HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.