562 P.2d 1072
**STATE of Arizona, Appellee,**

v.

**Charles Edward DEVINE, Appellant.**

**Nos. 3576, 3577.**

Supreme Court of Arizona,
En Banc.

March 30, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edmund T. Allen, III, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Appellant Charles E. Devine and a codefendant were charged with a robbery, in violation of A.R.S. § 13–643(A) and an armed robbery, in violation of § 13–643(B), arising from two separate incidents. Both of them were charged as principals, pursuant to A.R.S. §§ 13–138, 139 and 140. Some months later, appellant entered a plea agreement with the Maricopa County Attorney's Office. In exchange for appellant's plea of guilty to both crimes, as charged, that office agreed not to allege appellant's former felony conviction of murder, second degree. There was no agreement regarding sentencing except that the County Attorney's Office would not recommend any sentence whatever.

The plea agreement was filed and the plea entered. Thereafter, appellant was sentenced to twenty to thirty years on the robbery and twenty years to life imprisonment on the armed robbery, to be served consecutively.

From the convictions and sentences, appellant appeals. Our jurisdiction derives from A.R.S. §§ 12–120.21(A)(1) and 13–1711 and 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

Appellant argues that his plea was taken in violation of 17 A.R.S. Rules of Criminal Procedure, rule 17.1, 17.2 and 17.3.

Rule 17.1(b) specifies that a plea of guilty may only be accepted if made voluntarily and intelligently.

At the plea proceeding, the trial court determined from the appellant his age and educational background (which were 21 years and high school graduation, respectively) that he read and signed the plea agreement after having had it explained to him by his lawyer, that the written agreement contained the entire agreement, that no one threatened or forced appellant into the agreement, and that there were no promises made to him outside the agreement.

Rule 17.2 indicates what the trial court should personally explain to the defendant and determine his understanding thereof. We have carefully reviewed the plea proceeding transcript, especially in light of appellant's claim that he was not apprised of the nature of the charge to which he pled, and find no merit to his contentions.

Appellant argues that, because he denied he carried the tire iron in the armed robbery, he negated one of the essential elements of armed robbery. He urges, further, that because he indicated he was merely present at the robbery, he also negated his guilty complicity in that crime. The trial court had a duty, appellant asserts, to inquire into and resolve the conflict between the waiver of trial and these claims of innocence.

We would agree, if there were in fact a claim of innocence. Appellant, however, told the trial court that he did not have the tire iron, but that his codefendant had it. Pursuant to A.R.S. §§ 13–138, 139 and 140, that was a sufficient admission to support the "deadly weapon" element necessary in armed robbery. Appellant was sufficiently apprised of and admitted, on the record as a whole, all of the essential elements of both the robbery and armed robbery. At the plea proceedings, the county attorney outlined his supporting evidence for both crimes and both defense counsel and appellant agreed that that was what the evidence would show. The announced evidence covered each of the essential elements of each of the crimes to which appellant was pleading.

Absent the unique circumstances of *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), a court is not required to advise a defendant of each specific element of the crime to which he pleads guilty. *State v. Ohta*, 114 Ariz. 489, 562 P.2d 369 (filed March 16, 1977).

Rule 17.3 guides the trial court in its duty to determine from a defendant, personally, whether he wishes to forego the constitu-

tional rights of which he has been advised, that the plea is voluntary and that there is a factual basis for it. It is clear from the record that all of these duties were complied with by the trial court.

█ Although appellant hedged, and used some equivocal language in answering the trial court's questions, we believe the record, as a whole, supports the trial court's determination that the pleas, in both instances, were knowing, voluntary and intelligent. *State v. Howell,* 109 Ariz. 165, 506 P.2d 1059 (1973).

The judgment of conviction and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.