569 P.2d 1339

STATE of Arizona, Appellee,

v.

Richard Pena "Pete" MURRILLO,
Appellant.

No. 3921.

Supreme Court of Arizona,
En Banc.

Sept. 19, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

The appellant, Richard Pete Murillo, pleaded guilty to the crime of obstructing in violation of A.R.S. § 13–541, on May 26, 1976. He was sentenced to the Arizona State Prison for a term of not less than four years nor more than five years on November 19, 1976. The Arizona Supreme Court has jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

FACTS

On March 13, 1976, a plainclothes police officer working at Smitty's, 4230 West McDowell Road, allegedly observed appellant come into the store, place two steaks inside his pants and walk out of the store without paying for the steaks.

The facts as set forth in the police report further indicate that outside the store, the police officer allegedly identified himself as an officer and told appellant he was arresting him for shoplifting. Appellant attempted to leave and the officer grabbed

him by the arm and the back of his pants and took him into the store. Inside the store, appellant started swinging his fist and the officer placed a restraining hold on him. Appellant got loose from the officer and hit the officer in the face and head. Another plainclothes Phoenix police officer working at the same Smitty's store observed this incident and assisted the first officer in restraining and apprehending appellant. (Presentence report of June 22, 1976, which states that this information is taken from the police officer's report).

Appellant argues that his guilty plea is invalid because there is no factual basis in the record to support it. Appellant also contends that he was denied due process because the record does not establish that appellant was informed of all elements of the charge to which he pleaded guilty, and therefore the guilty plea was involuntary under the standard of *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

For the reasons set forth below, we find appellant's arguments to be without merit.

There are two factual bases in the record for appellant's guilty plea, the appellant's in-court admissions and the presentence reports. At the guilty plea proceeding, appellant stated that he had talked with his attorney regarding the contents of the police officer's report of the incident and that he agreed that the report was "pretty accurate."

█ The police officer's report is summarized in the presentence report. Presentence reports are part of the record from which it is proper to obtain facts to support a guilty plea. *State v. Dixon*, 111 Ariz. 92, 523 P.2d 789, 791 (1974); *State v. Darling*, 109 Ariz. 148, 151–52, 506 P.2d 1042 (1973).

█ From the summary of the police officer's report contained in the presentence report, it is clear that the officer's report alleged facts sufficient to support all the elements of the crime of obstruction. At the guilty plea proceeding, appellant admitted that he thought the officer's report was accurate. Appellant thus admitted all the facts alleged in the report, which facts are adequate to establish all the elements of the crime with which appellant was charged.

█ In answer to appellant's argument that his plea was taken in violation of the *Henderson v. Morgan, supra*, rule which requires that a defendant be informed of all the elements of the crime with which he is charged before the court may accept his guilty plea, we note that *Henderson v. Morgan* is not applicable to this case. The federal courts have not yet determined whether *Morgan* should be applied retroactively. The Supreme Court of Arizona has specifically held that *Morgan* should not be given retroactive application. *State v. Henry*, 114 Ariz. 494, 562 P.2d 374 (1977).

█ Even if *Morgan* should have retroactive application, the facts of this case do not require the application of the *Morgan* rule. The *Morgan* court vacated the appellant's guilty plea to second degree murder because the court found the record in *Morgan* devoid of any indication that the appellant might have learned from ANY source that intent to kill was an element of the crime of second degree murder. Additionally, at Morgan's sentencing proceeding, his attorneys made a statement on his behalf which specifically negated an essential element of the offense to which he pleaded. It is also important to realize that Morgan was a person of very subnormal intelligence.

The *Morgan* court indicated that it would be satisfied that a defendant had made a voluntary plea if the record contained an explanation of the charge by the trial judge, a representation by defense counsel that the nature of the offense had been explained to the accused, or if there was justification for presuming that defense counsel explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit by his guilty plea. *Henderson v. Morgan, supra*, 96 S.Ct. at 2258–59.

The case presently before the court certainly meets the *Morgan* requirements of a voluntary guilty plea. The trial court very painstakingly questioned the appellant to ascertain that he understood the plea agreement, that his educational background was sufficient to enable him to understand, that he had had an adequate discussion with his attorney regarding both the agreement and the police officer's report, that he believed the officer's report to be accurate, that he understood the possible consequences of his plea, and that he wished to plead guilty. The trial court even asked appellant's attorney if he could think of anything else which the court should discuss with the appellant, and appellant's attorney answered, "No, I don't, Your Honor. I think—I believe the fact situation has been brought out sufficiently." At no time did appellant or his attorney make a statement tending to negate an element of the crime.

We believe that the *Morgan* test has been met in this case because the record clearly indicates that the police officer's report alleged facts sufficient to support all the elements of the crime of obstruction, and that the appellant's attorney had discussed the officer's report with appellant in sufficient detail to give appellant notice of what he was being asked to admit by his guilty plea.

The judgment of conviction and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.