583 P.2d 1341

STATE of Arizona, Appellee,

v.

Thomas Harold JOHNSON, Appellant.

No. 4170.

Supreme Court of Arizona,
En Banc.

Sept. 6, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III, and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John Foreman, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Appellant Thomas Harold Johnson pleaded guilty to a charge of child molestation arising from acts committed upon his three-year-old daughter. He was sentenced to serve four to ten years in the Arizona State Prison. He appealed to the Court of Appeals, and the Supreme Court has jurisdiction under 17A A.R.S. Supreme Court Rules, rule 47(e).

Appellant urges that his guilty plea should be vacated because the record does not show that he understood the elements of the crime of child molestation. Appellant states that an essential element of the offense of child molestation is that the acts involved be "motivated by an unnatural or abnormal sexual interest or intent with respect to children." *State v. Berry,* 101 Ariz. 310, 419 P.2d 337, 340 (1966); *State v. Trenary,* 79 Ariz. 351, 290 P.2d 250 (1955).

According to the reports of the Maricopa County Sheriff's Department, which were summarized in the presentence report, appellant's three-year-old daughter was taken to a hospital by her grandmother because the grandmother suspected the child had been sexually molested. A medical examination indicated that the child had been molested, that there had been penetration, and that there was sperm deposited in the child's vagina. The child also told a nurse that her father (appellant) had committed the acts which required her to come

to the hospital. The child described to sheriff's deputies acts of physical penetration committed upon her by her father. Since it is proper to use a presentence report to obtain facts in support of a guilty plea, the above summary may be used to determine the factual basis of the guilty plea in this case. *State v. Murrillo,* 116 Ariz. 441, 569 P.2d 1339 (1977).

■ As indicated in the presentence report, the appellant admitted in some detail the acts necessary to establish the elements of the offense. These acts by their very nature show that appellant was "motivated by an unnatural or abnormal sexual interest or intent with respect to children." Under the facts of this case, we find no need for the appellant to be explicitly informed of the motivation element of the crime to which he pleaded guilty. This analysis clearly distinguishes the instant case from *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). In *Henderson, supra,* the acts which the accused admitted did not support the intent element of the crime, and there was no other indication of intent in the *Henderson* record.

Having reviewed the entire record and finding no reversible error, the judgment of conviction and the sentence are affirmed.

CAMERON, C. J., and STRUCKMEYER, V. C. J., and HOLOHAN, J., concur.

GORDON, Justice (specially concurring):

The majority characterizes the United States Supreme Court opinion in *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), as having held that in that case, "the acts which the accused admitted did not support the intent element of the crime." A more complete summary of the Supreme Court's view of the facts of that case is that while a jury would almost inevitably have inferred the required intent element of second degree murder from the objective evidence of multiple stabbings presented in the case, a jury would not have

been required to draw that inference, in part because of the defendant's extraordinarily low intelligence. The Court then held that "[t]here is nothing in this record that can serve as a substitute for either a finding after trial, or a voluntary admission, that respondent had the requisite intent. * * * [H]e made no factual statement or admission necessarily implying that he had such intent." *Henderson v. Morgan,* 96 S.Ct. at 2258.

I agree with the majority that this case departs from *Henderson* in several significant respects. The extended record includes reports concerning appellant by two examining psychological experts, as well as a presentence report prepared by the adult probation department. These evaluations indicate that appellant has been very cooperative with the authorities throughout the investigation. He has freely admitted in some detail the acts alleged.[1] He defined "child molestation" for Dr. Bendheim as "a form of sex on an individual under the age of consent." His statements about his feelings immediately after the act indicate that he was thoroughly disgusted with what he had done and that he recognizes that this type of sex act is deranged. Appellant is aware that the crime he committed was "serious" in nature, that he requires psychiatric care, and feels that with extended care he can be rehabilitated.

I agree with the *Henderson* Court that in many cases in which a defendant is charged with second degree murder a jury is not required to draw the inference of a "design to effect death." However, the specific intent element of the crime of child molestation seems to be so inextricably intertwined with the physical act of penetration of a child that I find it difficult to imagine a jury placing an innocent construction on the acts admitted by appellant. Furthermore, appellant's numerous statements and admissions, when considered in their entirety, especially those that recognize the depravity of his act, do "necessarily imply" that the

---

1. Dr. Francis A. Enos' report quotes appellant as having stated "I dropped my pants and rubbed my penis between her legs and almost immediately had an orgasm and with my finger pushed the end of my penis in her."

act was committed by appellant with an unnatural or abnormal sexual intent with respect to his child. Thus, the requirement in *Henderson* that there be some substitute in the record for an admission of specific intent is satisfied here.