586 P.2d 1270

**STATE of Arizona, Appellee,**

v.

**Richard Arland BROOKS, Appellant.**

**No. 4391.**

Supreme Court of Arizona,
In Banc.

Nov. 15, 1978.

John A. LaSota, Jr., Atty. Gen., William J. Schafer III, Chief Counsel, Criminal Division, Stanley L. Patchell, Asst. Chief Counsel, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, John Foreman, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

Defendant Richard Arland Brooks appeals his conviction and sentence for child molestation, a violation of A.R.S. § 13–653. Taking jurisdiction pursuant to 17A A.R.S., Supreme Court Rules, rule 47(e)(5), we affirm the judgment of the Superior Court.

Defendant was indicted for two counts of child molestation allegedly committed upon two young boys in separate incidents. Prior to trial, defendant entered into a plea agreement with the state whereby he pled guilty to Count II of the indictment, child molestation perpetrated upon one of the children, an eight year old boy. The Honorable Sandra D. O'Connor accepted defendant's plea after personally questioning him and finding that he knowingly, intelligently and voluntarily entered it, as mandated by 17 A.R.S. Rules of Criminal Procedure, rule 17.2[1] and rule 17.3.[2] Judge O'Connor also expressly found a factual basis for the plea pursuant to 17 A.R.S., Rules of Criminal Procedure, rule 17.3. Defendant was sentenced to serve not less than five nor more than fifteen years in the Arizona State Prison and filed a timely notice of appeal.

Defendant first argues on appeal that his guilty plea must be vacated as involuntary because there was no evidence indicating that he understood intent to be an essential element of the crime of child molestation.

To be considered voluntary in a constitutional sense, a plea must represent an intelligent admission by the defendant that he committed the offense. *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). This is not possible unless the defendant received "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Smith*

---

1. Rule 17.2 provides:
"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:
"a. The nature of the charge to which the plea is offered;
"b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute;
"c. The constitutional rights which he foregoes by pleading guilty or no contest, including his right to counsel if he is not represented by counsel; and
"d. His right to plead not guilty."

2. Rule 17.3 provides:
"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court and determine that he wishes to forego the constitutional rights of which he has been advised, that his plea is voluntary and not the result of force, threats or promises (other than a plea agreement). The trial court may at that time determine that there is a factual basis for the plea or the determination may be deferred to the time for judgment of guilt as provided by rule 26.2(c)."

*v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859, 862 (1941), cited by *Henderson v. Morgan, supra.*

 An essential element of the offense of child molestation under § 13–653 is that the acts involved be "motivated by an unnatural or abnormal sexual interest or intent with respect to children." *State v. Berry*, 101 Ariz. 310, 313, 419 P.2d 337, 340 (1966); *see also State v. Stinson*, 105 Ariz. 174, 461 P.2d 472 (1969).

At no time during Judge O'Connor's questioning of defendant prior to her acceptance of his guilty plea did she inquire into his motivation for the offense. The only dialogue between the Judge and defendant relevant to this issue concerned the physical actions that constituted the crime:

> "THE COURT: Did you on that occasion either yourself or have him remove his clothing?
>
> "MR. BROOKS: No, madam.
>
> "THE COURT: Did you have him open his pants?
>
> "MR. BROOKS: No, madam.
>
> "THE COURT: What did you do, Mr. Brooks?
>
> "MR. BROOKS: I opened his pants.
>
> "THE COURT: And touched his private parts?
>
> "MR. BROOKS: Yes, madam.
>
> "THE COURT: Are you satisfied that there is a factual basis for the plea, Mr. Reinstein?
>
> "MR. REINSTEIN: Your Honor, may we ask you a question off the record?
>
> "THE COURT: Yes.
>
> (Discussion off the record.)
>
> "THE COURT: Mr. Brooks, in fact, did you touch the child's penis on that occasion?
>
> "MR. BROOKS: Yes, madam."

Although the Superior Court did not itself ascertain whether defendant understood that intent is a requisite element of child molestation, this Court recently found such an act by the court unnecessary. *State v. Johnson*, 120 Ariz. 21, 583 P.2d 1341 (1978). The defendant in *Johnson* admitted committing acts of physical penetration upon his three year old daughter. We held that these acts by their very nature demonstrated that defendant was "motivated by an unnatural or abnormal sexual interest or intent with respect to children." 120 Ariz. 21, 22, 583 P.2d 1341, 1342. Thus, under the facts of *Johnson*, we found no need for the defendant to be explicitly informed of the motivation element of child molestation in order to establish his guilty plea as voluntary.

In so holding, this Court distinguished the fact situation in *Johnson* from that in *Henderson v. Morgan, supra.* The defendant in *Henderson* was never apprised that one element of second degree murder, to which he pled guilty, was intent to cause death. The U.S. Supreme Court found it impossible to conclude that Henderson's plea was voluntary under the circumstances for two reasons. First, although a jury would almost inevitably have inferred the required intent element of second degree murder from the objective evidence of multiple stabbings offered in the case, a jury would not have been required to draw that inference. Partly because of Henderson's extraordinarily low intelligence, a jury could have accepted defense counsel's theory of manslaughter. Thus, unlike the situation in *Johnson*, the acts in *Henderson* did not by their very nature establish the intent element of the crime.

Additionally, the Court found that Henderson's plea was involuntary because nothing in the record indicated that he had the necessary intent. " * * * [H]e made no factual statement or admission necessarily implying that he had such intent." 426 U.S. 639, 646, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108, 115.

We have held that a court is not required to advise a defendant of each specific ele-

ment of an offense to which he is pleading guilty, absent the special circumstances of *Henderson v. Morgan, supra. State v. Ohta*, 114 Ariz. 489, 562 P.2d 369 (1977); *State v. Devine*, 114 Ariz. 574, 562 P.2d 1072 (1977); *see also, State v. Reynolds*, 25 Ariz. App. 409, 544 P.2d 233 (1976). The facts of the instant case to not admit to the special circumstances of *Henderson.* Obviously, defendant does not claim that his admitted touching of the child was privileged by a parent-child or doctor-patient relationship, nor was it in any way authorized by the boy's parents. It is, therefore, difficult to conceive of a jury placing an innocent construction on the acts admitted by the defendant. Thus, as in *Johnson, supra*, defendant's acts by their very nature manifest that he was motivated by an unnatural or abnormal sexual interest or intent with respect to children.

Moreover, the extended record contains statements and admissions which "necessarily imply" that defendant's acts were committed with the requisite abnormal sexual intent. The whole tenor of defendant's testimony at his presentence hearing demonstrates that he recognized that he had problems which included an unnatural attraction to children, that his acts involving children were criminal, and that he was undergoing psychological counseling for the purpose of rehabilitation. The presentence report prepared by the Adult Probation Department states that defendant acknowledged his guilt of the offense both in writing and during interviews. According to this report, defendant stated that he often desired to be around young children and on occasion would have uncontrollable urges to "molest" them. Additionally, defendant professed his intention to continue professional counseling until his problems were corrected. Thus, the requirement in *Henderson* that there be some substitute in the record for an admission of specific intent is satisfied in defendant's case. His guilty plea, therefore, must be deemed voluntary.

Defendant also contends that, because no evidence was adduced to indicate that he touched the child with an unnatural or abnormal sexual interest or intent, there was no factual basis for his guilty plea.

It is well established in this State that a judge is not limited to a defendant's statement at the plea hearing in ascertaining a factual basis for a guilty plea. This may be done at any time prior to sentencing and on the basis of sources other than the defendant. *See, e. g., State v. Durham*, 108 Ariz. 327, 498 P.2d 149 (1972) and *State v. Foster*, 109 Ariz. 14, 504 P.2d 48 (1972). A judge may look to the record as a whole, *State v. Devine*, 114 Ariz. 574, 562 P.2d 1072 (1977), and we have specifically held that a presentence report is part of the record from which to garner facts supportive of a guilty plea. *State v. Murillo*, 116 Ariz. 441, 569 P.2d 1339 (1977); *State v. Darling*, 109 Ariz. 148, 506 P.2d 1042 (1973). Since we find today that the presentence hearing transcript and the presentence report demonstrate the requisite abnormal sexual intent, there was a factual basis for defendant's plea.

Judgment of the Superior Court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.