IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

———————————————

THE STATE OF ARIZONA,
*Appellant*,

*v.*

DAMRRION JACQUIS MATTHEWS,
*Appellee*.

No. 2 CA-CR 2024-0106
Filed January 9, 2026

———————————————

Appeal from the Superior Court in Maricopa County
No. CR2018005433001
The Honorable Justin Beresky, Judge

**REVERSED**

———————————————

COUNSEL

Rachel H. Mitchell, Maricopa County Attorney
By Quinton S. Gregory, Deputy County Attorney, Phoenix
*Counsel for Appellant*

Steve Koestner, Maricopa County Legal Advocate
By Daniel Fenzel, Deputy Legal Advocate, Phoenix
*Counsel for Appellee*

**OPINION**

Judge Gard authored the opinion of the Court, in which Presiding Judge Vásquez and Judge Kelly concurred.

G A R D, Judge:

¶1          The State of Arizona appeals from the superior court's order expunging records of Damrrion Matthews's conviction and sentence for sale or transportation of marijuana.  Because the undisputed record establishes that Matthews sold marijuana, he is not eligible for expungement.  We therefore reverse.

**Factual and Procedural Background**

¶2          In 2018, the Maricopa County Grand Jurors indicted Matthews for one count of sale or transportation of marijuana, a Class 3 felony, in violation of A.R.S. § 13-3405(A)(4).  He subsequently pleaded guilty as charged.  To establish the factual basis for his plea, Matthews agreed "that on February 8th of 2018 [he] or somebody else had some marijuana," weighing less than two pounds, "that [he] would have sold to somebody if they wanted to buy it."  The superior court suspended the imposition of sentence and placed Matthews on probation for three years.  The court, however, subsequently revoked Matthews's probation and sentenced him to 3.5 years' imprisonment.

¶3          In 2020, Arizona voters passed the Smart and Safe Arizona Act ("the Act"), which decriminalized the possession and use of marijuana in certain circumstances and authorized courts to expunge court and law-enforcement records of arrests, charges, adjudications, or convictions for qualifying marijuana offenses.  A.R.S. §§ 36-2850 to 36-2865; *see* Text of Proposed Amendment § 7(7), Proposition 207 ("Smart and Safe Arizona Act"), 2019 Ballot Propositions.  In 2023, Matthews filed a petition under the Act seeking to expunge any records of his offense of "[p]ossessing, consuming, or transporting two and one-half (2 ½) ounces or less of marijuana."

¶4          In a memorandum accompanying his petition, Matthews described his conviction as having involved a "controlled purchase" of marijuana, during which he sold 3.5 grams of the drug to an undercover officer in exchange for twenty dollars.  He attached a police report

documenting the sale and the quantity of marijuana involved. Citing a then-recent decision from this court, *State v. Sorensen*, 255 Ariz. 316 (App. 2023), he asserted that the Act authorized courts to expunge records associated with sale-related marijuana offenses. The state opposed the request, distinguishing *Sorensen* on the ground that it had not involved a marijuana sale and interpreting its holding to mean only that a petitioner is not precluded from expungement merely because he possessed marijuana with the intent to sell it.

¶5 After a hearing, the superior court granted Matthews's expungement petition. The court concluded as a legal matter that *Sorensen* had "expanded the scope of marijuana related set asides" to include sale-related offenses. Relying on *Sorensen*'s reasoning, the court rejected the state's argument "that there is a meaningful distinction between sale-related marijuana offenses and actual sale of marijuana" and appeared to conclude that the Act allows the expungement of records involving completed marijuana sales.

¶6 In an alternative determination, the superior court found that, "[e]ven if expungement is only available for possession with intent to sell offenses rather than actual sale," the state had not met its burden of proving by clear-and-convincing evidence that Matthews was not eligible for expungement. *See* § 36-2862(B)(3). The court reasoned that "the record is less than clear" whether Matthews had pleaded guilty "to a sale charge or a possession for sale charge." The court noted that the plea agreement referred to the charge as "sale or transportation of marijuana" and the sentencing minute entry used a similar construction. It thus determined that the failure to distinguish between sale and transportation in these documents weighed "against the State's position that there is a meaningful distinction" between the two types of conduct. The court further found that if there is a meaningful distinction, the record's "ambiguity likely weighs in favor of" Matthews because the state had not established that he "was explicitly sentenced for the sale of marijuana." The state appealed the order, and we have jurisdiction under article VI, § 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4032(4).

**Discussion**

¶7 The state argues that the superior court erred in granting Matthews's expungement petition by limiting its inquiry to the plea and sentencing record while overlooking the expanded expungement record and Matthews's admission in his petition that he had sold marijuana. In response, Matthews asks us to defer to the court's finding that it is "less

than clear" whether he pleaded guilty to selling marijuana or to a possession-for-sale offense and suggests that this ambiguity prevents the state from carrying its burden of proving him ineligible for expungement.

¶8　　　　We review a superior court's order granting a petition to expunge for an abuse of discretion. *See State v. Cisneros*, 255 Ariz. 564, ¶ 8 (App. 2023). In so doing, "[w]e defer to the trial court's factual findings that are supported by the record and not clearly erroneous." *See State v. MacHardy*, 254 Ariz. 231, ¶ 17 (App. 2022). "An error of law constitutes an abuse of discretion . . . ." *Shinn v. Ariz. Bd. of Exec. Clemency*, 254 Ariz. 255, ¶ 13 (2022) (quoting *State v. Bernstein*, 237 Ariz. 226, ¶ 9 (2015)). So does "an order unsupported by the record." *Id.*

¶9　　　　Section 36-2862(A)(1), "in plain and precise terms," "identifies the expungement eligible offenses," which include, as relevant here, "the possession, consumption, and transportation of two and one-half ounces or less of marijuana." *State v. Bouhdida*, 258 Ariz. 542, ¶ 9 (App. 2024). The statutory "list is not illustrative, but exhaustive." *Id.*; *see State v. Santillanes (Santillanes II)*, 256 Ariz. 534, ¶ 29 (2024) (observing that the Act authorizes expungement for "*only certain* marijuana offenses—those expressly specified in § 36-2862(A)(1)−(3)"). A court must grant a petition to expunge "unless the prosecuting agency establishes by clear and convincing evidence that the petitioner is not eligible for expungement." § 36-2862(B)(3). A court may also independently find that an offense is not expungable. *See* Ariz. R. Crim. P. 36(d)(3); *Cisneros*, 255 Ariz. 564, ¶ 18.

¶10　　　　In deciding whether a marijuana-related offense is eligible for expungement, a court is not limited to the elements of the offense of which the petitioner was convicted or to the factual basis for his plea. *See State v. Santillanes (Santillanes I)*, 254 Ariz. 301, ¶¶ 31, 33 (App. 2022), *vacated in part on other grounds by Santillanes II*, 256 Ariz. 534, ¶ 39. Rather, because § 36-2862(A) refers to general categories of conduct that may not align precisely with enumerated criminal offenses, "the superior court's inquiry into a petitioner's arrest, charge, conviction, or sentence may extend beyond the elements of the underlying offense." *Santillanes I*, 254 Ariz. 301, ¶¶ 31-33. Accordingly, a court may consider "any admissible evidence" as part of its inquiry, *id.* ¶ 33, including police reports, charging documents, grand jury transcripts, and presentence reports, *State v. Simental*, 259 Ariz. 153, ¶¶ 2, 7 (App. 2025). An expanded record is particularly important where the trial or plea record is silent on information critical to determining whether the statutory requirements for expungement are met. *See id.* ¶¶ 7-8 (where plea and charging documents did not specify amount of marijuana

involved in offense, trial court appropriately reviewed grand jury transcripts to determine whether amount exceeded limit under expungement statute); *Santillanes I*, 254 Ariz. 301, ¶ 33 (recognizing need for expanded record "[e]specially where, as here, the petitioner's plea agreement and factual basis are silent as to the amount of marijuana involved in the underlying offense").

**¶11** Here, the superior court's reliance on *Sorensen* to conclude that records of an offense involving the sale of marijuana are expungable does not survive our decision in *Bouhdida*. In *Sorensen*, this court considered whether § 36-2862(A)(1) allows for "sale-related marijuana offenses" to be expunged. *Sorensen*, 255 Ariz. 316, ¶¶ 1-2. We construed the verb "to possess," as used in the statute, not to "encompass[] a person's intent or purpose in possessing an item." *Id.* ¶ 9. We further observed that § 36-2862(A)(1) omits any kind of personal-use restriction and enumerates as a qualifying offense transportation of marijuana, which "require[s] proof of a for-sale element" under § 13-3405(A)(4). *Sorensen*, 255 Ariz. 316, ¶¶ 10-11; *see State v. Chabolla-Hinojosa*, 192 Ariz. 360, n.2 (App. 1998) (recognizing repeal of transportation of marijuana as a criminal offense and replacement with transportation for sale). Based on the foregoing, we held that § 36-2862(A)(1) "authorizes expungement of sale-related marijuana offenses when they otherwise satisfy the statute's eligibility requirements." *Sorensen*, 255 Ariz. 316, ¶ 12.

**¶12** Since the superior court's ruling, however, we have clarified *Sorensen*. In *Bouhdida*, the petitioner cited *Sorensen* to argue—consistent with the superior court's reasoning here—that by permitting transportation offenses to be expunged the Act also implicitly allows expungement of records of completed marijuana sales. *Bouhdida*, 258 Ariz. 542, ¶¶ 10-12. We rejected that argument, observing that "*Sorensen* did not expand the scope of expungement eligible offenses beyond those clearly listed in the statute" and that the statutory list does not include the sale of marijuana. *Id.* ¶¶ 13, 17. We clarified that "*Sorensen* holds that the offenses *expressly enumerated* within the statute—specifically, possessing and transporting marijuana—are not ineligible for expungement based on a defendant's *intent* to sell." *Id.* ¶ 13. Ultimately, we held that a conviction for selling marijuana is not expungable. *Id.* ¶¶ 1, 17. Matthews does not distinguish *Bouhdida* or otherwise challenge its applicability to this case, and we apply

it here.[1]    Accordingly, under *Bouhdida*, Matthews is ineligible for expungement if he actually sold marijuana.

¶13        The superior court, however, determined that the state had not proved by clear-and-convincing evidence that Matthews's conviction was for selling marijuana.  As set forth above, the court found that the record was ambiguous "whether [Matthews had] plead[ed] guilty to a sale charge or a possession for sale charge" and that this ambiguity weighed in favor of Matthews because the state had not proved that he was "explicitly sentenced" for a marijuana sale.  The state contends that, in reaching this conclusion, the court inappropriately limited its review to the plea and sentencing documents and overlooked the undisputed facts underlying the offense as set forth in the expanded record.

¶14        As a preliminary matter, the superior court appeared to refer to transportation of marijuana and possession of marijuana for sale interchangeably at points in its minute entry, including in its finding that "the record is less than clear when identifying whether [Matthews] plead[ed] guilty to a sale charge or a possession for sale charge," which it immediately followed by discussing the parties' failure to distinguish between transportation and sale in the plea agreement.  In addition, in its formal order vacating Matthews's conviction and expunging all associated records, the court repeatedly identified the offense of conviction as possession or use of marijuana under § 13-3405(A)(1).

¶15        To the extent the superior court found that the record is ambiguous about whether Matthews pleaded guilty to simple possession under § 13-3405(A)(1), possession for sale under § 13-3405(A)(2), or sale or transportation under § 13-3405(A)(4), that finding is clearly erroneous.  *See MacHardy*, 254 Ariz. 231, ¶ 17.  Setting aside any potential defect in the factual basis given at the change-of-plea hearing, which we address below, the written plea agreement, the minute entry pronouncing judgment and suspending the imposition of sentence in favor of a probationary term, and the subsequent minute entry revoking probation and sentencing Matthews to prison reflect that he pleaded guilty to and was sentenced for sale or

---

[1]We stayed briefing in this matter for several months pending *Bouhdida*'s issuance, and again while a petition for review of that decision was pending before our supreme court.  That court denied review in May 2025.  Both parties had the opportunity to address *Bouhdida* in their subsequently filed briefs.

transportation of marijuana under § 13-3405(A)(4), not a possession offense under § 13-3405(A)(1) or (2).

**¶16**　　　　If ambiguity exists in the record, it lies only in whether Matthews pleaded guilty to transporting marijuana or selling it. *See Simental*, 259 Ariz. 153, ¶¶ 7-8; *Santillanes I*, 254 Ariz. 301, ¶ 33. We agree with the state, however, that the superior court erred by overlooking undisputed evidence in the expanded expungement record that resolved any such ambiguity and by concluding that the state had not proved Matthews's ineligibility for expungement merely because he had not "explicitly" been sentenced for sale of marijuana.

**¶17**　　　　To be sure, Matthews pleaded guilty to sale "or" transportation of marijuana, and the plea agreement does not designate the type of conduct in which he engaged. *See* § 13-3405(A)(4) ("[A] person shall not knowingly . . . [t]ransport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer marijuana."). The sentencing documents likewise refer to sale "and/or" transportation and do not distinguish between the two. Nor does the factual basis given at the change-of-plea hearing elucidate whether Matthews admitted to transporting marijuana or to selling it.

**¶18**　　　　Under these circumstances, the superior court should have looked to the expanded record to understand the facts underlying Matthews's conviction. *See Simental*, 259 Ariz. 153, ¶¶ 7-8; *Santillanes I*, 254 Ariz. 301, ¶ 33. That record—which is undisputed and which was, in fact, supplied by Matthews himself—resolves any ambiguity by establishing that he sold marijuana to an undercover officer.[2] Matthews provided police reports establishing that a sale had occurred, and he admitted this fact in his expungement petition. The court appears to have overlooked this uncontested evidence, instead concluding, despite Matthews's admission, that the mere existence of ambiguity in the plea and

---

[2]Matthews maintains that he disputed below that a completed sale had occurred, pointing to his reply to the state's response to the expungement petition. But his argument in the reply asserted only that he did not admit to a completed sale as part of the factual basis at the change-of-plea hearing. At no point, including in his answering brief on appeal, has Matthews contested that, as a factual matter, he sold marijuana to an undercover officer.

sentencing documents favored Matthews and rendered the state unable to carry its burden of proving that the offense involved a marijuana sale.

¶19        To defend the superior court's ruling, Matthews relies primarily on the factual basis given at the change-of-plea hearing, arguing that it does not align with either the charge or the police report and that he instead admitted only to possessing marijuana for sale.[3] *See* § 13-3405(A)(2). The relevance of this discrepancy to the expungement analysis is unclear, particularly in light of our directive in *Santillanes I* that courts look toward the record as a whole to determine whether a petitioner is eligible for expungement.  And even assuming the factual basis to which Matthews agreed in pleading guilty was defective—a question that is not before us and that we do not decide—"[i]t is well established in this state that a judge is not limited to a defendant's statement at the plea hearing in ascertaining a factual basis for a guilty plea."  *State v. Salinas*, 181 Ariz. 104, 107 (1994) (quoting *State v. Brooks*, 120 Ariz. 458, 461 (1978)).  A court may instead consider all evidence before it, including police and presentence reports, to determine whether a factual basis exists. *Id.*; *see also Simental*, 259 Ariz. 153, ¶ 7.  Here, as we have explained, the undisputed evidence resolves any deficiency in the plea colloquy and establishes that Matthews actually sold marijuana.

¶20        For these reasons, the record does not support the superior court's conclusion that Matthews was eligible for expungement. *See Shinn*, 254 Ariz. 255, ¶ 13.  To the contrary, the undisputed evidence establishes that his conviction for sale or transportation of marijuana flowed from a marijuana sale, rendering him ineligible for expungement. *Bouhdida*, 258 Ariz. 542, ¶¶ 10-12, 17.

**Disposition**

¶21        For the foregoing reasons, we reverse the superior court's order granting Matthews's petition for expungement.

---

[3]Matthews also suggests that the superior court in fact considered the entire record, highlighting its summary of items it had reviewed. Although the court listed the expungement filings in its recitation of items it had considered, it did not discuss—or even acknowledge—the content of those documents, instead ruling based on what the plea and sentencing record failed to "explicitly" communicate.